1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 GERALD NUNN, ET AL.,                                    Case No. 18-cv-03862-WHO

Plaintiffs,
8
                                                         **ORDER DENYING TEMPORARY**
9    v.                                                   **RESTRAINING ORDER AND**
                                                         **INJUNCTIVE RELIEF**
10 STATE OF CALIFORNIA, et al.,
                                                         Re: Dkt. Nos. 1, 8
11             Defendants.

12

13                                        **INTRODUCTION**

14          On June 27, 2018, plaintiffs Gerald and Judith Nunn filed this suit against defendants the

15 State of California (California) and JP Morgan Chase Bank, N.A. (Chase) for injunctive and

16 declaratory relief to compel California "through the Superior Court of Napa County" to refrain

17 from applying California's unlawful detainer (UD) laws because application of those laws deprive

18 "mortgagors of equal protection" under the federal and California constitutions and deprive

19 mortgagors of property without due process. Compl. ¶¶ 2, 25. Specifically, plaintiffs complain

20 that California's UD statutes, and their expedited procedures, deprive mortgagors of the ability to

21 challenge the unlawful detainer plaintiff's right to title, in large part because the compressed-time

22 schedule for hearing motions in the UD process do not allow for discovery. *Id*. ¶ 25. But I do not

23 have the power to enjoin the Napa County Superior Court or the State of California from

24 proceeding with the UD cases because the Anti-Injunction Act, 28 U.S.C. § 2283 "prevents a

25 federal court from enjoining the 'proceedings in a State court except as expressly authorized by

26 Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its

27 judgments.'" *Sandpiper Village Condo. Ass'n., Inc. v. Louisiana-P. Corp*., 428 F.3d 831, 842 (9th

28 Cir. 2005) (quoting 28 U.S.C. § 2283). And Chase is not responsible for the existence of the

allegedly unconstitutional UD statutes. Plaintiffs are not entitled to injunctive relief based on this record. Accordingly, their motions for a temporary restraining order and for injunctive relief are denied.[1]

**BACKGROUND**

Plaintiffs' alleged harm and concern over California's unlawful detainer statutes arises from the foreclosure on their property in Napa County (Property). *Id*. ¶¶ 13, 27. Title to the Property was transferred through a trustee's deed upon sale following the foreclosure to defendant Chase, but plaintiffs still reside in the Property. *Id*. ¶¶ 15, 27. Plaintiffs filed a complaint for Wrongful Foreclosure, to Quiet Title, and for other related actions in the Superior Court for Napa County (Civil Case). *Id*. ¶ 33. That case is still pending. *Id*.[2]

On February 26, 2018, Chase filed "actions" for unlawful detainer in Napa County Superior Court. *Id*. ¶ 34. Those actions are still pending.[3] Plaintiffs allege that their civil and constitutional rights are being violated by the summary UD proceedings that prohibit plaintiffs from filing a cross complaint or otherwise contesting Chase's right to title. *Id*. ¶¶ 37, 40. As such, plaintiffs seek an injunction from this Court against the Napa County Superior Court and Chase to stop the UD proceedings until "such time" as this Court determines the constitutionality of California's UD procedures as applied to mortgagors/prior homeowners who retain possession of their property. *Id*. ¶¶ 41, 42. Plaintiffs allege that Chase is "acting in concert and as a joint participant" with California under the legal framework of the UD proceedings. *Id*. ¶ 51. Plaintiffs

---

[1] The hearing set for August 29, 2018 is vacated.

[2] Chase asks me to take Judicial Notice of the various recorded documents related to the non-judicial foreclosure and documents filed in and the docket of the Civil Case. Dkt. No. 14. That request is GRANTED as to these public records. *See, e.g., Galvez v. Wells Fargo Bank, N.A.*, 17-CV-06003-JSC, 2018 WL 2761917, at *1 (N.D. Cal. June 7, 2018) ("Courts in this District regularly take judicial notice of publicly recorded documents related to real property, including deeds of trust, assignments and substitutions thereto, trustee's deeds upon sale, rescissions of notices of default, and elections to sell under a deed of trust.").

[3] According to Chase, no trial date has been set in the UD proceedings. Chase Oppo. (Dkt. No. 13) at 1. The docket in the Civil Case shows that plaintiffs filed a motion to consolidate their Civil Case with the UD cases and requesting that the UD cases be stayed until final adjudication of the Civil Case, but plaintiff withdrew that motion. *See* RJN Exs. D, G, H.

2

1  seek a declaration that California's UD statutes are unconstitutional and seek an injunction

2  prohibit Napa Superior Court and California from enforcing those statutes against them.

3  Complaint, pgs. 12-13.

4      On July 11, 2018, plaintiffs filed a motion for a permanent injunction and then on July 12,

5  2019, filed an ex parte application for a Temporary Restraining Order (TRO). Dkt. Nos. 8, 10. In

6  their motion for a permanent injunction, plaintiffs argue that the UD statutes, as applied to

7  mortgagors who are in possession, deprive mortgagors of equal protection and due process in

8  violation of their constitutional rights. Dkt. No. 8. In their motion for a TRO, plaintiffs reiterate

9  their request that this Court enjoin Napa Superior Court from proceeding with Chase's UD cases,

10  as well as enjoin Chase from proceeding with its UD cases against plaintiffs. Dkt. No. 10.

11      Chase opposes the request for a TRO and an injunction, arguing that: (i) the requested

12  injunction is barred by the Anti-Injunction Act, 28 U.S.C. § 2283; (ii) plaintiffs cannot

13  demonstrate a likelihood of success because no claim is stated against Chase (who is not a state

14  actor) and the request for immediate relief is not ripe (as there has been no trial set in the UD

15  cases); (iii) plaintiffs have not shown irreparable harm because they could have addressed the title

16  issue in conjunction with the UD cases if they had pursued their motion to consolidate; and (iv)

17  the balance of equities do not tip in plaintiffs' favor. The State of California also opposes the

18  TRO and requested injunction, arguing that: (i) it is protected by 11th Amendment immunity and

19  California is not a "person" within the meaning of 42 U.S.C. § 1983; (ii) the Court cannot exercise

20  jurisdiction over the alleged claim that the UD statutes violate California's constitution; and (iii)

21  the request to enjoin the UD proceedings is barred by the Anti-Injunction Act.

22  **LEGAL STANDARD**

23      A request for a temporary restraining is evaluated by the same factors that generally apply

24  to a preliminary injunction. *See Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832,

25  839 n. 7 (9th Cir. 2001). Thus, as a form of preliminary injunctive relief, a TRO is an

26  "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council,*

27  *Inc.*, 555 U.S. 7, 24 (2008). To obtain preliminary relief, a plaintiff must "establish that he is

28  likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

1    preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

2    public interest." *Id*. at 21-22. The Ninth Circuit has clarified, however, that courts in this Circuit

3    should still evaluate the likelihood of success on a "sliding scale." *Alliance for Wild Rockies v.*

4    *Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) ("[T]he 'serious questions' version of the sliding

5    scale test for preliminary injunctions remains viable after the Supreme Court's decision in

6    *Winter*."). As quoted in *Cottrell*, that test provides, "[a] preliminary injunction is appropriate

7    when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the

8    balance of hardships tips sharply in the plaintiff's favor," provided, of course, that "plaintiffs must

9    also satisfy the other [*Winter*] factors" including the likelihood of irreparable harm. *Id*. at 1135.

10    **DISCUSSION**

11    Defendants argue, first, that I do not have the power to enjoin the Napa County Superior

12    Court or the State of California from proceeding with the UD cases. They are correct. The Anti-

13    Injunction Act, 28 U.S.C. § 2283, "prevents a federal court from enjoining the 'proceedings in a

14    State court except as expressly authorized by Act of Congress, or where necessary in aid of its

15    jurisdiction, or to protect or effectuate its judgments.'" *Sandpiper Village Condo. Ass'n., Inc.*, 428

16    F.3d at 842 (quoting 28 U.S.C. § 2283). "Rooted firmly in constitutional principles, the Act is

17    designed to prevent friction between federal and state courts by barring federal intervention in all

18    but the narrowest of circumstances." *Id*.    Numerous courts in this District have concluded that

19    "the Anti–Injunction Act, 28 U.S.C. § 2283, prohibits a federal district court from issuing an

20    injunction staying unlawful detainer proceedings in state court." *Gray v. La Salle Bank NA*, 13-

21    CV-03692-LHK, 2013 WL 4711672, at *2 (N.D. Cal. Aug. 30, 2013) (collecting cases).

22    Specifically, none of the three narrow exceptions to the Anti-Injunction Act exist here. There is

23    no express authorization by Congress to enjoin UD proceedings and there is no federal court

24    judgment that needs protecting. As to the jurisdiction exception, it applies in limited

25    circumstances not applicable here. *See Gray*, 2013 WL 4711672, at *2 (jurisdiction exception

26    applicable to in rem proceedings where *subsequent* state court proceedings might interfere with

27    *previously* filed federal court jurisdiction over a res, in cases of advanced federal *in personam*

28    litigation, or where a case is removed from state court). In addition, however, plaintiffs'

4

1   constitutional challenge to the UD statute is before me.  Allowing the UD cases to proceed would

2   not divest me of jurisdiction to hear that constitutional challenge.[4]

3          There is no basis in law to grant the *injunctive* relief that plaintiffs seek (enjoining the State

4   of California, through the Napa County Superior Court, from proceeding with the UD cases).

5   And Chase is not responsible for the existence of the allegedly unconstitutional UD statutes, so

6   there is no basis on which to enjoin its actions.  Chase does not become a state actor (and

7   theoretically liable for constitutional violations) simply by utilizing existing statutory remedies.

8   *See, e.g., Wells Fargo Bank, NA v. Hunt*, C-10-04965 JCS, 2011 WL 445801, at *4 (N.D. Cal.

9   Feb. 3, 2011) (Wells Fargo "not a state actor and its conduct in connection with the unlawful

10  detainer at issue here was not taken 'under color of law,' as is required to state a claim for a

11  violation of procedural due process rights guaranteed by the Fourteenth Amendment."); *see also*

12  *Cutlip v. Deutche Bank Natl. Tr. Co. for Harborview Mortg. Loan Tr. Pass-Through Certificates*

13  *2007-7*, 15-CV-01345-BLF, 2015 WL 1928257, at *3 (N.D. Cal. Mar. 27, 2015) (questioning

14  whether plaintiff pursuing UD case could be considered a state actor).

15         With respect to the declaratory relief plaintiffs seek – a declaration that application of

16  California's UD statutes deprived mortgagors of equal protection and due process under the law –

17  as an initial matter plaintiffs have not shown why that should be determined on an *expedited TRO*

18  *basis*.  The immediate harm plaintiffs seek to avoid – the UD – cannot be prevented by me.  The

19  harm or continued threat of harm from an unconstitutional application of the UD statutes to

20  plaintiffs may be addressed through orderly proceedings in this Court: for example, through a fully

21  briefed motion for a preliminary injunction or motion for summary judgment once the pleadings

22  are set, to allow the appropriate defendants to be named to defend the constitutionality of

23

24

25  [4] To the extent that the relief plaintiffs seek in this Court turns on who has right to the title on the
    Property, that issue will be resolved in plaintiffs' Civil Case by the Napa County Superior Court.

26  Under the "prior-exclusive-jurisdiction rule" because the state court in both the Civil Action and
    the UD cases is exercising in-rem jurisdiction, I would have *no jurisdiction* to weigh in on that

27  question in any event.  *See Gatpandan v. Wilmington Sav. Fund Socy. FSB*, 17-CV-04001-LB,
    2017 WL 5751208, at *4 (N.D. Cal. Nov. 28, 2017) (discussing the doctrine and dismissing claims

28  in federal court in favor of prior-filed state unlawful-detainer action and civil action to quiet title).

California's UD statutes. [5]

## CONCLUSION

Plaintiffs' request for a TRO is DENIED and their request for injunctive relief on this record is also denied. If plaintiffs wish to proceed with this litigation they shall meet and confer with defendants and submit a joint schedule setting out a timeframe for plaintiffs to amend their complaint, if they wish, and for defendants to file motions to dismiss or answers, as appropriate. In addition, if plaintiffs wish to file a normally noticed motion for a preliminary injunction based on their current Complaint, they may do so (after considering the ruling above).

**IT IS SO ORDERED.**

Dated: August 27, 2018

William H. Orrick
United States District Judge

United States District Court
Northern District of California

---

[5] As California points out in its Opposition (Dkt. No. 28), the "state" cannot be sued in 42 U.S.C. § 1983 because of its Eleventh Amendment immunity. *Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836, 839 (9th Cir. 1997).