United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD NUNN, et al.,<br><br>       Plaintiffs,<br><br>  v.<br><br>STATE OF CALIFORNIA; JPMORGAN CHASE BANK, N.A.,<br><br>       Defendants. | Case No. 18-cv-03862-WHO<br><br>**ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS; GRANTING PLAINTIFFS' MOTION TO DISMISS THE STATE OF CALIFORNIA; DENYING THE STATE OF CALIFORNIA'S MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. Nos. 31, 35, 44 |

Plaintiffs Gerald and Judith Nunn seek injunctive and declaratory relief to stop an unlawful detainer (UD) proceeding against them in the Superior Court of Napa County by defendant JP Morgan Chase Bank, N.A. (Chase), claiming that the expedited procedures under California's UD laws deprive them, and other mortgagors, of the ability to challenge in the unlawful detainer the Nunns' right to title, in large part because the compressed-time schedule for hearing motions in the UD process do not allow for discovery and that this deprives them of equal protection under the federal and California constitutions. *Id.* The Nunns originally sued the State of California as well, but now moves to dismiss it, which I grant.

This leaves Chase, which moves to dismiss. As I explained to the Nunns when I denied their motion for a temporary restraining order, the Anti-Injunction Act, 28 U.S.C. § 2283, precludes the relief they seek. And Chase is not a state actor, so constitutional claims do not lie against it. Oral argument is not necessary. None of the Nunns' claims survive against Chase and their case is dismissed. While I am skeptical that amendment can save this case, I will allow one within ten days of the date of this order. The hearing and Case Management Conference set for

November 7, 2018 are vacated.

**BACKGROUND**

The Nunns' alleged harm and concern over California's unlawful detainer statutes arises from the foreclosure on their property in Napa County (Property). *Id*. ¶¶ 13, 27. Title to the Property was transferred through a trustee's deed upon sale following the foreclosure to Chase, but the Nunns still reside in the Property. *Id*. ¶¶ 15, 27. They filed a complaint for Wrongful Foreclosure, to Quiet Title, and for other related actions in the Superior Court for Napa County (Civil Case). *Id*. ¶ 33. That case is still pending. *Id*.[1]

On February 26, 2018, Chase filed "actions" for unlawful detainer in Napa County Superior Court. *Id*. ¶ 34. Those actions are still pending.[2] The Nunns allege that their civil and constitutional rights are being violated by the summary UD proceedings that prohibit them from filing a cross complaint or otherwise contesting Chase's right to title. *Id.* ¶¶ 37, 40.

The Nunns filed suit in this court on June 27, 2018. On August 27, 2018, I denied their request for a temporary restraining order and for injunctive relief, finding that the Anti-Injunction Act, 28 U.S.C. § 2283, prevented me from enjoining the UD proceedings and that there was no other basis in law to enjoin the State of California, through the Napa County Superior Court, from proceeding with the UD case. Order Denying Temporary Restraining Order and Injunctive Relief [Dkt. No. 30] at 3-4. With regards to Chase, I found that it was not responsible for the existence of the allegedly unconstitutional UD statutes and that Chase did not become a state actor, liable for constitutional violations, simply by utilizing existing statutory remedies. *Id.* at 4.

---

[1] Chase asks me to take Judicial Notice of the various recorded documents related to the non-judicial foreclosure and documents filed in and the docket of the Civil Case. [Dkt. No. 32]. That request is GRANTED. The Nunns also ask me to take Judicial Notice of various filings in the Civil Case, as well as several filings by their attorney in other cases. [Dkt. No. 42]. Although the relevance of the fillings related to other lawsuits involving their attorney is unclear, plaintiffs' request is also GRANTED. *See, e.g., Galvez v. Wells Fargo Bank, N.A*., 17-CV-06003-JSC, 2018 WL 2761917, at *1 (N.D. Cal. June 7, 2018) ("Courts in this District regularly take judicial notice of publicly recorded documents related to real property, including deeds of trust, assignments and substitutions thereto, trustee's deeds upon sale, rescissions of notices of default, and elections to sell under a deed of trust.").

[2] According to the Nunns, a trial date has been set in the UD proceedings. Opposition [Dkt. No. 41] at 15. They have not stated what day the trial is to be held.

The State of California and Chase filed separate motions to dismiss. [Dkt. Nos. 31, 35]. The Nunns then moved to voluntarily dismiss the State of California pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). [Dkt. No. 44].

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

**I. MOTION TO DISMISS THE STATE OF CALIFORNIA**

The Nunns have moved to voluntarily dismiss the State of California pursuant to Federal Rule of Civil Procedure 41. [Dkt. No. 44]. The rule states that a "plaintiff may dismiss an action without a court order by filling . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Fed. R. Civ. P. 41(a)(1)(A)(i). Although the Nunns needed only to have filed a notice, rather than a motion, I grant their motion since the State of California has neither filed an answer nor a motion for summary judgment in this matter. The State of California's motion to dismiss is denied as moot. [Dkt. No. 35].

**II. THE ANTI-INJUNCTION ACT**

Chase argues that the Anti-Injunction Act prohibits me from enjoining the pending Civil Case and unlawful detainer proceedings. Chase's Motion to Dismiss ("Mot.") [Dkt. No. 31] at 5-6. In their opposition, the Nunns do not dispute the applicability of the Anti-Injunction Act to their complaint. In fact, they do not address the Anti-Injunction Act at all. Instead, the Nunns make only generalized arguments related to their right to challenge an allegedly constitutionally defective statute, that they are entitled to equal protection under the law, that they are guaranteed adequate procedural due process, and that their claim is ripe. *Id.*

As discussed in my order denying the TRO, the Anti-Injunction Act, 28 U.S.C. § 2283, "prevents a federal court from enjoining the 'proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Sandpiper Village Condo. Ass'n., Inc. v. Louisiana-P. Corp.*, 428 F.3d 831, 842 (9th Cir. 2005) (quoting 28 U.S.C. § 2283). "Rooted firmly in constitutional principles, the Act is designed to prevent friction between federal and state courts by barring federal intervention in all but the narrowest of circumstances." *Id*. Numerous courts in this District have concluded that "the Anti–Injunction Act, 28 U.S.C. § 2283, prohibits a federal district court from issuing an injunction staying unlawful detainer proceedings in state court." *Gray v. La Salle Bank NA*, 13-CV-03692-LHK, 2013 WL 4711672, at *2 (N.D. Cal. Aug. 30, 2013) (collecting cases).

None of the three narrow exceptions to the Anti-Injunction Act exist here. There is no

express authorization by Congress to enjoin UD proceedings and there is no federal court judgment that needs protecting. The jurisdiction exception applies in limited circumstances not applicable here. *See Gray*, 2013 WL 4711672, at *2 (jurisdiction exception applicable to in rem proceedings where *subsequent* state court proceedings might interfere with *previously* filed federal court jurisdiction over a res, in cases of advanced federal *in personam* litigation, or where a case is removed from state court).

Further, Chase, the only remaining defendant, is not responsible for the existence of the allegedly unconstitutional UD statutes, so there is no basis on which to enjoin its actions. The Nunns' request for injunctive relief is prohibited as a matter of law. No amendment could cure this, so Chase's motion to dismiss the Nunns' request for injunctive relief on this theory is granted with prejudice.

### III. CHASE IS NOT A STATE ACTOR

Chase argues that claims for violations of either the federal or California constitutions may only be brought against state actors, and as Chase is not a state actor, the Nunns' claim for declaratory relief must be dismissed. Mot. at 7-8. As with the Anti-Injunction Act issue, the Nunns do not address the state action requirement in their opposition.

To state a claim under the due process clause, a claimant must show that some government action deprived him or her of life, liberty, or property. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982) (requiring that the allegedly offending person is a state actor, either "because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state.") "[T]here must exist a sufficiently close nexus between the government and the challenged action of the private entity so that the action of the latter may be fairly treated as that of the government itself." *Rank v. Nimmo*, 677 F.2d 692, 701 (9th Cir.1982) (internal quotations omitted). Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

Chase does not become a state actor (and potentially liable for constitutional violations) simply by utilizing existing statutory remedies. *See, e.g., Wells Fargo Bank, NA v. Hunt*, C-10-04965 JCS, 2011 WL 445801, at *4 (N.D. Cal. Feb. 3, 2011) (Wells Fargo "not a state actor and

5

its conduct in connection with the unlawful detainer at issue here was not taken 'under color of law,' as is required to state a claim for a violation of procedural due process rights guaranteed by the Fourteenth Amendment."); *see also Garfinkle v. Super. Ct.*, 21 Cal. 3d 268, 281 (1978) ("California's nonjudicial foreclosure procedure does not constitute state action and is therefore immune from the procedural due process requirements of the federal Constitution.").

As a matter of law, the Nunns' UD case cannot form the basis of a constitutional claim against Chase because no state action is implicated by Chase's conduct. I grant Chase's motion to dismiss their claims for declaratory relief on this theory with prejudice. No amendment could cure this defect.[3]

## IV. THE NUNNS' REQUEST TO AMEND THEIR COMPLAINT

In their opposition, the Nunns seek leave to amend their complaint after dismissing the State of California. Oppo. 7. They state that they would like to "add further factual allegations of the deprivation of their constitutional rights, as well as bring these claims under Fed. Rule 5.1, as a constitutional challenge to a State Statute." *Id.* Although I am deeply skeptical that any claim along the lines that have been pleaded can succeed, given the liberal rules concerning amendment I grant them leave to amend.

## CONCLUSION

Chase's motion to dismiss the complaint is granted without prejudice. If the Nunns in good faith can allege facts to overcome the defects in their complaint as identified in this order, they may file an amended complaint on or before **Wednesday, November 12, 2018**. The State of

---

[3] Chase also argues that the Nunns' claims are not ripe. As those claims for relief have been dismissed with prejudice, there is no need to address that issue.

6

California is dismissed without prejudice, and its motion denied as moot, in light of the Nunns' motion.

**IT IS SO ORDERED.**

Dated: November 1, 2018

_____
William H. Orrick
United States District Judge