UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD NUNN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, et al.,<br><br>Defendants. | Case No. 18-cv-03862-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 57 |

Plaintiffs Gerald and Judith Nunn have amended their previously dismissed complaint and again seek injunctive and declaratory relief to stop an unlawful detainer proceeding against them in the Superior Court of Napa County by defendant JP Morgan Chase Bank, N.A. ("Chase"), claiming that the expedited procedures under California's unlawful detainer laws violate the federal and California constitutions. Chase moves again to dismiss; the only differences between the Nunn's amended complaint and the complaint that I already dismissed are the addition of a § 1983 claim and the substitution of the governor and attorney general of California for the state itself.

The Nunns have done nothing to overcome the impediments created by the state action requirement and Anti-Injunction Act with regards to their claims against Chase. As a result, the Nunns' causes of action against Chase are dismissed with prejudice.

**BACKGROUND**

On November 20, 2018, plaintiffs Gerald and Judith Nunn filed their first amended complaint ("FAC") against defendants Gavin Newsom[1], in his official capacity as governor of

---

[1] As the successor in office to Edmund G. Brown Jr., Gavin Newsom is automatically substituted as a party-defendant. Fed. R. Civ. P. 25(d).

alifornia; Xavier Becerra, in his official capacity as state attorney general; and Chase, seeking injunctive and declaratory relief to stop an unlawful detainer proceeding against them in the Superior Court of Napa County. [Dkt. 53]. Plaintiffs again contend that the expedited procedures under California's unlawful detainer laws deprive them, and other mortgagors, of equal protection and procedural due process under the federal and California constitutions because unlawful detainer plaintiffs cannot challenge their right to title within the compressed unlawful detainer hearing schedule. *Id.* at ¶¶ 3, 29.

I have already rejected the Nunns' arguments as applied to Chase twice, in the order denying the Nunns' request for a temporary restraining order and permanent injunction as being precluded by the Anti-Injunction Act [Dkt. 30] and in the order granting Chase's first motion to dismiss the Nunns' injunctive and declaratory relief claims with prejudice [Dkt. 47 ("First MTD Order")]. In the latter order, I reiterated my earlier conclusion that the Anti-Injunction Act prohibited me from enjoining the unlawful detainer proceedings and that Chase could not be found liable for constitutional violations as it was not a state actor for the purposes of the state action requirement. *Id.* In granting the Nunns leave to amend to file the FAC, I expressed reservations that there would be any viable amendment that would allow the Nunns to state a claim against Chase. *Id.* at 6. It appears my reservations were warranted.

The FAC is substantially similar to the Nunns' initial complaint, except for the addition of claims under 42 U.S.C. § 1983 for violations of rights to equal protection and procedural due process and the naming of the governor and attorney general as defendants. FAC at ¶ 10. Chase has filed a motion to dismiss the FAC and requests that I deny the Nunns leave to amend a second time. Mot. [Dkt. 57].

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

**I.      CHASE IS NOT A STATE ACTOR**

The FAC fails to cure any of the deficiencies identified by my previous order. It does not appear that the Nunns have taken my guidance seriously, particularly considering that I had dismissed the requests for declaratory and injunctive relief against Chase with prejudice. First MTD Order at 5-6. Chase again argues that claims for violations of either the federal or California constitutions may only be brought against state actors, and, as Chase is not a state actor, the Nunns' claims must be dismissed. Mot. at 6–7. The Nunns again fail to address the state action requirement in their opposition, except to mention that it is an argument pursued by Chase in its

3

motion to dismiss. Opposition at 6 [Dkt. 62].

As I stated in my previous order, Chase does not become a state actor (and potentially liable for constitutional violations) simply by utilizing existing statutory remedies. First MTD Order at 5-6; *see, e.g., Wells Fargo Bank, NA v. Hunt*, C-10-04965 JCS, 2011 WL 445801, at *4 (N.D. Cal. Feb. 3, 2011) (Wells Fargo "not a state actor and its conduct in connection with the unlawful detainer at issue here was not taken 'under color of law,' as is required to state a claim for a violation of procedural due process rights guaranteed by the Fourteenth Amendment"); *see also Garfinkle v. Super. Ct.*, 21 Cal. 3d 268, 281 (1978) ("California's nonjudicial foreclosure procedure does not constitute state action and is therefore immune from the procedural due process requirements of the federal Constitution"). This is also true for the purposes of § 1983; the addition of a § 1983 claim to the FAC does not transform Chase into a state actor. *Damian v. N. Neon Operations, LLC*, No. C 11-06416 DMR, 2012 WL 1438705, at *4 (N.D. Cal. Apr. 25, 2012) ("an unlawful detainer suit does not constitute state action for purposes of Section 1983").

As a matter of law, the Nunns' unlawful detainer case cannot form the basis of a constitutional or § 1983 claim against Chase because no state action is implicated by Chase's conduct. The Nunns' claims for declaratory and injunctive relief against Chase are dismissed with prejudice.

## II. THE ANTI-INJUNCTION ACT PROHIBITS INJUNCTIVE AND DECLARATORY RELIEF

As with the state action requirement, the Nunns' opposition does not address the dispositive effect of the Anti-Injunction Act on their claim for injunctive relief that I discussed in my previous orders. Oppo. at 6. To the extent that the Nunns believe that reframing their request for injunctive relief under § 1983 cures the deficiencies identified in their initial complaint, they are incorrect.

Although claims under 42 U.S.C. § 1983 may constitute an exception to the Anti-Injunction Act, the Nunns fail to adequately allege § 1983 claims because, as noted above and in my previous order, Chase is not a state actor. Consequently, the Nunns' claims under § 1983 do not constitute a valid exception to the Anti-Injunction Act. *See Caetano v. Santa Clara Cty.*, No.

4

C–02–1191 PJH, 2002 WL 1677723, at *4 (N.D. Cal. July 19, 2002) (claim for § 1983 injunctive relief against private attorneys dismissed because private attorneys were not state actors).

The Nunns' request for injunctive relief is prohibited as a matter of law and I grant Chase's motion to dismiss the Nunns' request for injunctive relief with prejudice. I decline to address Chase's arguments based on ripeness as there are no claims against Chase remaining in this suit. Mot. at 8-9.

## CONCLUSION

Chase's motion to dismiss the complaint is granted. Plaintiffs' claims against it are dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: January 25, 2019



William H. Orrick
United States District Judge