UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD NUNN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, et al.,<br><br>Defendants. | Case No. 18-cv-03862-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 66 |

Plaintiffs Gerald and Judith Nunn, in their first amended complaint ("FAC"), again seek injunctive and declaratory relief to stop an unlawful detainer proceeding against them in state court. The FAC names Gavin Newsom, in his official capacity as governor of California; Xavier Becerra, in his official capacity as state attorney general of California; and JP Morgan Chase Bank, N.A. ("Chase") as defendants.[1] On January 25, 2019, I granted Chase's motion to dismiss the Nunns' claims against it with prejudice. Newsom and Becerra (the "State Defendants") now move to dismiss the Nunns' remaining claims for a variety of reasons, at least two of which are dispositive: the Eleventh Amendment and the prior exclusive jurisdiction doctrine bars them. Those arguments are correct. This case is dismissed with prejudice.

**BACKGROUND**

The Nunns filed their initial complaint against Chase and the State of California on June 27, 2018. [Dkt. No. 1]. Shortly after, the Nunns moved for a permanent injunction [Dkt. No. 8] on July 11, 2018 and a temporary restraining order [Dkt. No. 10] on July 12, 2018. I denied both

---

[1] As the successor in office to Edmund G. Brown Jr., Gavin Newsom is automatically substituted as a party-defendant. Fed. R. Civ. P. 25(d).

motions, holding that under the Anti-Injunction Act divested me of the power to enjoin the Napa County Superior Court or the State of California, that Chase was not responsible for the existence of the allegedly unconstitutional unlawful detainer statutes, and that the Nunns were not entitled to injunctive relief based on the record. [Dkt. No. 30]. Chase and the State of California then moved to dismiss the initial complaint. [Dkt. Nos. 31, 35]. The Nunns moved to voluntarily dismiss the State of California pursuant to Federal Rule of Civil Procedure 41. [Dkt. No. 44]. I then granted Chase's motion to dismiss, the Nunns' motion to dismiss the State of California, and denied the State of California's motion to dismiss as moot. [Dkt. No. 47]. In granting Chase's first motion to dismiss, I held that the Anti-Injunction Act still applied, and that Chase could not be liable for federal or state constitutional claims because it was not a state actor. *Id.*

On November 20, 2018, the Nunns filed the operative FAC against the State Defendants and Chase, seeking essentially the same relief as articulated in their initial complaint. [Dkt. No. 53]. The Nunns contend that the expedited procedures under California's unlawful detainer laws deprive them, and other mortgagors, of equal protection and procedural due process under the federal and California constitutions because unlawful detainer plaintiffs cannot challenge their right to title within the compressed unlawful detainer hearing schedule. *Id.* at ¶¶ 3, 29.

As the FAC has already been dismissed with prejudice as to Chase for the same reason as the initial complaint, only the State Defendants remain. [Dkt. No. 69]. The State Defendants now move to dismiss, arguing that the Nunns' claims are barred by the Eleventh Amendment, comity and abstention require dismissal, the fifth amendment claim does not apply to state action, the Anti-Injunction Act bars all of the Nunns' non § 1983 claims, and that the FAC fails as a matter of law.[2] Defendants Gavin Newsom's and Xavier Becerra's Notice of Motion and Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (the "MTD") [Dkt. No. 66].

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to

---

[2] The State Defendants ask that I take judicial notice of two bills in the State legislature. As I do not rely on them, the State Defendants' request is denied as moot.

dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction.*" Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id.*

A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inferences in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d

at 362.

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. To resolve this challenge, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Instead, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted). Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch.*, Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

## DISCUSSION

### I. THE ELEVENTH AMENDMENT

#### A. The Nunns' Federal Constitution Claims

The State Defendants move to dismiss all of the Nunns' claims against them for lack of jurisdiction because the claims are barred by the Eleventh Amendment of the United States Constitution. MTD at 5-7. They argue that although the *Ex parte Young* exception permits "suits for prospective and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of law[,]" the State Defendants are not the correct state officials from whom relief may be sought. *Id.* at 6.

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted). The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief for violations of federal law against state officials in their official capacity under the *Ex parte Young* exception to the Eleventh Amendment. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997); *see also Ex parte Young*, 209 U.S. 123

4

(1908).  In order to fall within the *Ex parte Young* exception, the Nunns would need to allege that defendants Newsom and Becerra have a "direct connection" to enforcing the challenged act.  *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013).  A "generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit."  *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992).

The only allegation made against Governor Newsom is that "it is his responsibility to ensure the laws of the State of California are property enforced."  FAC at ¶ 18.  Similarly, the only allegation against Attorney General Becerra is that it "is his duty to see that the laws of the State are uniformly and adequately enforced."  *Id.* at ¶ 19.  This sort of general supervisory power or general duty is insufficient to constitute the direct connection required under *Ex parte Young*.  *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) (general supervisory powers of the attorney general are insufficient to establish the required connection with enforcement); *Litmon v. Brown*, No. 10-cv-3894-EMC, 2011 WL 4079227, at *2 (N.D. Cal. Sept. 12, 2011) (same, as to the general responsibilities of a governor).

In opposition, the Nunns argue that the State Defendants cannot invoke the protections of the Eleventh Amendment because "the Governor and State Attorney General are the ultimate authority on enforcement of state laws, whether it be through the state courts or any other agency of the state."  Plaintiff's Opposition to Defendants, Gavin Newsom and Xavier Becerra's Motion to Dismiss at 14-15 ("Oppo.") [Dkt. No. 70].  This is an unsupported and incorrect statement of law.  In the absence of any "direct" allegations that Newsom or Becerra have an active role with respect to the California's unlawful detainer statutes (or the application of the unlawful detainer statutes against the Nunns), the Nunns' claims based on the federal Constitution against the State Defendants must be dismissed with prejudice.

### B. The Nunns' State Constitution Claims

The State Defendants also move to dismiss the Nunns' claims based on alleged violations of the California Constitution because (i) state law claims are not cognizable under § 1983, (ii) this court lacks jurisdiction over such a supplemental state law claim, and (iii) they are barred by the

5

Eleventh Amendment. MTD at 7-8. The State Defendants are correct. A violation of state law may not form the basis of a claim under § 1983. *Hume v. Maynard*, 108 F.3d 1385 (9th Cir. 1997) (finding an alleged violation of state law to be an inadequate basis to support a § 1983 action) (internal citations omitted). The Nunns' claims for violation of the California Constitution are supplemental state law claims to which *Ex parte Young* does not apply. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-121 (1984). Because *Ex parte Young* does not apply to the Nunns' supplemental state law claims, they too are barred by the Eleventh Amendment.

## II. PRIOR EXCLUSIVE JURISDICTION DOCTRINE

Even if the Nunns were able to identify the correct defendants for the purposes of the *Ex parte Young* exception, the State Defendants argue that the Nunns' claims would necessarily fail under the prior exclusive jurisdiction doctrine, which holds that "when one court is exercising *in rem* [or *quasi in rem*] jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Chapman v. Deutsche Bank Nat. Tr. Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011) (citing *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)). The doctrine applies "where parallel state and federal proceedings seek to determine interests in specific property as against the whole world (*in rem*), or where the parties' interests in the property . . . serve as the basis of the jurisdiction for the parallel proceedings (*quasi in rem*)." *Id.* at 1044 (internal quotation marks and citations omitted); *see also Knaefler v. Mack*, 680 F.2d 671, 675 (9th Cir. 1982) ("Where concurrent proceedings in state and federal court are both suits in rem or quasi in rem, the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other."). Although the doctrine is judge-made, and not statutory, it is a "[mandatory] common law rule of judicial abstention." *Sexton v. NDEX W., LLC*, 713 F.3d 533, 536 n.5 (9th Cir. 2013). The Nunns did not respond to this argument.

In California, foreclosure actions are considered *in rem*. *See Cent. Bank v. Super. Ct.*, 106 Cal. App. 3d 913, 917 (1973). Unlawful detainer actions are considered *quasi in rem*. *Gustafson v. Bank of Am., N.A.*, No. 16-cv-1733-BTM(KSC), 2016 WL 7438326, at *6 (S.D. Cal. Dec. 27, 2016) (internal citation omitted).

The Nunns have two parallel cases in state court, both of which were filed before this

action. In the first case, the Nunns filed their third amended complaint on September 27, 2017 in the Superior Court of Napa County for cancellation of instruments, wrongful foreclosure, slander of title, quiet title, breach of implied covenant of good faith and fair dealing, and negligence. Ex. F, Request for Judicial Notice in Support of JPMorgan Chase Bank, N.A.'s Motion to Dismiss the First Amended Complaint [Dkt. No. 58-1].[3] In the second case, the Superior Court of Napa County assumed *quasi in rem* jurisdiction over the subject property on February 26, 2018, when Chase filed its unlawful detainer action against the Nunns. FAC at 8. The Nunns filed their complaint in this action on June 27, 2018, over four months after the initiation of the unlawful detainer case and nine months after the third amended complaint in their other state case for, among other claims, wrongful foreclosure. [Dkt. No. 1]. Because both state court actions were filed first and are based on *in rem* and *quasi in rem* jurisdiction, the prior exclusive jurisdiction doctrine applies. *Chapman*, 651 F.3d at 1045; *Gatpandan v. Wilmington Sav. Fund Soc'y FSB*, No. 17-cv-04001-LB, 2017 WL 5751208, at *4 (N.D. Cal. Nov. 28, 2017) (dismissing claims in federal court in favor of prior-filed state unlawful-detainer action and civil action to quiet title). As a result, the Nunns are barred from asserting their claims in federal court as a matter of law.

## CONCLUSION

Although the Nunns argue that this court "has the omnipresent authority and duty to protect the citizens' rights[,]" Oppo. at 5, in fact, "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen*, 511 U.S. at 377 (internal citations omitted). The Eleventh Amendment and the prior exclusive jurisdiction doctrine doom the Nunns' claims. Therefore, I need not consider the State Defendants' other meritorious arguments concerning comity, abstention, the Anti-Injunction Act, or the merits of the Nunns' legal theory.

The law in this case is quite clear. Amendment would be futile, so the State Defendants are dismissed with prejudice. I have previously dismissed Chase with prejudice. Judgment in

---

[3] State court filings are appropriate for judicial notice. *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998). It is unclear when the initial complaint in this case was filed, but it is necessarily before September 22, 2017.

favor of all defendants and against the Nunns will be entered accordingly.

**IT IS SO ORDERED.**

Dated: March 14, 2019



William H. Orrick
United States District Judge